**Yueh–Shaio YANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 93–70899.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 1995.

Decided June 22, 1995.

Gail A. Dulay and Howard Hom, Los Angeles, CA, for petitioner.

Norah Ascoli Schwarz and Michele Y.F. Sarko, Office of Immigration Litigation, Civil Division, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: McKAY,* REINHARDT, and FERNANDEZ, Circuit Judges.

* The Honorable Monroe G. McKay, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

McKAY, Senior Circuit Judge:

Petitioner, Mr. Yang, claims that the Board of Immigration Appeals abused its discretion in refusing to grant him a discretionary waiver under Section 241(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a)(1)(H) (West Supp.1994). Mr. Yang concedes that he is deportable, but argues that the BIA improperly considered impermissible factors in denying the waiver.

■ The BIA considered several adverse factors in declining to grant the waiver. First, the BIA seems to have considered Mr. Yang's participation in his wife's fraudulent entry into the country, including his taking part in sham divorces and remarriages. These activities were clearly inextricably intertwined with Mr. Yang's own efforts to secure entry into the country and must be considered part of the initial fraud. Thus, the BIA improperly considered these acts as adverse factors.

■ The BIA also considered as an adverse factor the fact that Mr. Yang has submitted a fraudulent application for citizenship. The BIA apparently viewed this as a separate fraud from the initial series of frauds that allowed Mr. Yang to gain access to the country and become a lawful resident in the first place. However, in the recent case of *Delmundo v. INS*, 43 F.3d 436, 440–41 (9th Cir.1994), we held that the fraudulent acts committed in applying for permanent resident status and obtaining a driver's license, social security card, and voter's identification card were an extension of the initial fraudulent entry and could not be considered by the BIA in denying a discretionary waiver of excludability. We think that applying for citizenship is similar in kind to the acts at issue in *Delmundo* and also must be considered an extension of the initial fraud. Thus, the BIA improperly considered this fraudulent act.

Finally, the BIA considered as an adverse factor Mr. Yang's "apparent lack of candor" before the immigration judge. A review of the initial decision by the immigration judge discloses that there were two components to this "apparent lack of candor." First, the immigration judge did not find Mr. and Mrs. Yang's testimony to be credible with respect to how they came to be in the country in the first place. Mr. Yang claimed to be an innocent and ignorant pawn rather than an active and knowing participant in a continuing plan involving false birth certificates, phony names, and sham divorces and remarriages. The immigration judge did not take all of the frauds themselves into account, but did take into account Mr. Yang's implausible continuing assertions that he was not involved in any intentional wrongdoing.

■ The other aspect of Mr. Yang's "apparent lack of candor" was his claim of indigency. Mr. Yang initially claimed to the court that he needed the economic support of his children here in the United States because of his poor financial situation. Upon further questioning, he eventually admitted to having very substantial assets, including "over $3 million in property and real estate and liquid assets in cash, stocks, etc. of $700,000." Being untruthful with the immigration court is an adverse factor which may be properly considered by the BIA. *Delmundo*, 43 F.3d at 443.

Because the BIA considered impermissible factors, namely, Mr. Yang's collaboration with his wife and his fraudulent application for citizenship, the decision of the BIA is vacated, and this matter is remanded for a reweighing of the equities, considering solely as an adverse factor Mr. Yang's allegedly dishonest testimony before the immigration court.

VACATED AND REMANDED.