Alexander Macam LISING, Petitioner,

v.

## IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

### No. 94–70445.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 1995 *

Opinion Filed Dec. 27, 1995.

Opinion Withdrawn May 23, 1997.

Opinion Filed May 23, 1997.

Opinion Withdrawn Sept. 15, 1997.

Decided Sept. 15, 1997.

---

* The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

Amancio M. Liangco, Jr., Ferma & Liangco Law Offices, San Francisco, CA, for petitioner.

Anthony Wray Norwood and Richard M. Evans, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.

Before: BOOCHEVER, and REINHARDT, Circuit Judges, and KING,** District Judge.

Opinion by Judge REINHARDT; Concurrence by Judge BOOCHEVER

** The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

1. Our original disposition, relying on this court's opinion in *Yang v. INS*, 58 F.3d 452 (9th Cir. 1995) *overruled by INS v. Yang*, —— U.S. ——, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996), held that the BIA impermissibly relied upon a narrow definition of the "entry fraud" exception in denying Lising a waiver of deportation. In *Yang*, the Supreme Court held that the Attorney General, when deciding whether to grant a discretionary waiver of deportation, may define the "entry fraud" exception "as it pleases" even if in an extremely narrow manner. *Id.* at ——, 117 S.Ct. at 353.

2. Section 241 provides that:
[t]he section of this paragraph relating to the deportation of aliens within the United States on

REINHARDT, Circuit Judge:

ORDER

The opinion filed May 23, 1997, is withdrawn.

OPINION

We grant the petition for rehearing. Petitioner Alexander Macam Lising appealed the decision of the Board of Immigration Appeals (BIA) denying him a waiver of deportation under Section 241(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(H). We withheld final action on our original disposition pending the outcome of the Supreme Court's decision in *INS v. Yang*, —— U.S. ——, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996).[1] In light of the Supreme Court's opinion, we vacated our disposition and ordered that the case be remanded to the Board of Immigration Appeals (BIA) for a determination of whether the remaining adverse factor warrants a denial of waiver of deportation. On the basis of the INS's petition for rehearing, we now stay the proceedings in this court and withdraw the prior opinion to permit the filing and consideration of a motion to reopen before the BIA.

**I.**

■ There is a checkered history to this case. Petitioner conceded that he is deportable but requested a waiver of deportation under Section 241(a)(1)(H).[2] Lising entered

the ground that they were excludable at the time of entry as aliens, described in section 1182(a)(6)(C)(i) of this title, whether wilful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in paragraph 4(D)) who —
(i) is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and
(ii) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such entry except for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.
A waiver of deportation for fraud or misrepresentation granted under this subparagraph

the United States in 1982 claiming to be the unmarried son of a lawful permanent resident. In doing so he misrepresented his marital status. He concealed his 1975 marriage as well as the existence of two children from that marriage. Petitioner returned to the Philippines in 1984 and remarried his wife. He claimed this second marriage as his first in his applications for visa and naturalization.

In declining to grant Lising a waiver of deportation, the BIA found two adverse factors relating to misrepresentations he made on two documents: (1) his 1984 application for visas for his wife and children and (2) his 1988 application for naturalization. With respect to the 1984 application, the BIA found that petitioner failed to list his 1975 marriage. Regarding the second application, the BIA again found that he failed to list the earlier marriage but this time also found that he concealed the fact that he had two children from that marriage. The adverse finding with respect to the 1988 application, is erroneous in significant part. Lising, in fact, did list his children on his application for naturalization. Because the BIA relied in part on an erroneous adverse factor, we remanded for a proper determination. In view of the INS's petition for rehearing, we vacate our opinion and stay further proceedings in this court in order to permit the filing and consideration of a motion to reopen before the BIA.

## II.

■ There is one additional point. Petitioner's 1988 naturalization application was not a part of the administrative record in the proceeding before the BIA. A purported copy was attached by the petitioner to his brief on this appeal and we then requested a certified, true copy from the INS. The INS now argues that, in light of *Fisher v. INS*, 79 F.3d 955 (9th Cir.1996) (en banc), we cannot consider the application. Although the government's reliance on *Fisher* is understandable, it is misplaced. In *Fisher* we said that "[w]e may review out-of-record evidence only

where (1) the Board considers the evidence; or (2) the Board abuses its discretion by failing to consider such evidence upon the motion of an applicant." *Id.* at 964. *Fisher* accurately sets forth the general rule. Few rules, however, are absolute and wholly inflexible; for, it is impossible for courts when purporting to establish a general rule to foresee all of the manifold circumstances to which it might later be deemed applicable if applied unreasoningly. *Fisher* is illustrative of this point.

Almost all rules require the establishing of some exceptions, minor though they may be. When a rule does not appear to make sense in the context in which we are asked to enforce it, we must examine the facts involved in the case that established the rule and the subsequent cases applying it, as well as the reasoning that supported our decision. That way, we can determine the purpose of the rule and consider whether in light of that purpose the rule can sensibly be applied in the circumstances before us. Here, we conclude it cannot. *Fisher* relates to evidentiary material that either party could have presented to the BIA but that the petitioner simply failed to introduce at the hearing. The *Fisher* rule was intended to ensure that petitioners present all outside documents, reports, or information during the course of the administrative proceedings and not offer them for the first time before this court. *Fisher* does not treat the issue of a court's taking judicial notice of the agency's own records—and particularly of an official INS form that serves as the very basis for the BIA's decision. We do not believe that the rule was intended to preclude our consideration of such a form.

Here, the BIA erroneously concluded that Lising lied on his application by failing to list his children, despite the fact that the INS had the application in its possession and the application directly disproved that charge. It then based its decision in part on the naturalization application. Under the circumstances, we do not believe that the *Fisher* rule, when read in light of its purpose,

shall also operate to waive deportation based on the inadmissibility at entry directly result-

ing from such fraud or misrepresentation.

precludes us from acknowledging the existence of the document in question and allowing the BIA to reconsider its decision.

Accordingly, we stay further proceedings in this court so that the BIA may consider a petition to reopen its proceedings in light of the official 1988 naturalization application.

PROCEEDINGS IN THIS COURT STAYED PENDING FURTHER ORDER OF THE COURT.

BOOCHEVER, Circuit Judge, Concurring:

While I agree that almost all rules may be subject to exceptions for unforeseen contingencies, I do not believe it is necessary in this case to carve even the narrow exception to *Fisher v. INS,* 79 F.3d 955 (9th Cir.1996) (en banc), proposed by the majority. As the opinion states, under *Fisher* "[w]e may review out-of-record evidence only where (1) the Board considers the evidence...." *Id.* at 964.

The Board's decision in this case relied in part on Lising's mistaken testimony that he had not listed his two children on his application for naturalization. While a narrow construction of the provision of *Fisher* quoted above might indicate that the Board only considered Lising's testimony about the application, I believe it is preferable to interpret the provision more broadly, and would conclude that the Board considered the application for naturalization, which was in the INS files. In other words, when the Board bases a decision on testimony regarding the contents of a document in the INS files, I believe that it considers that document, and accordingly that "[w]e may review [that] out-of-record evidence."