**Elpidiforo DIZON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70611.
INS No. A40–497–760.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Submission deferred Sept. 30, 2002.

Resubmitted Dec. 12, 2002.

Decided Dec. 13, 2002.

Before HILL,* GOULD and BERZON, Circuit Judges.

### MEMORANDUM **

### I.  FACTUAL BACKGROUND

As the parties are familiar with the facts, we do not repeat them here.[1]

### II.  PROCEDURAL BACKGROUND

The procedural posture of the case is as follows.  In 1993, the Immigration and Naturalization Service (INS) charged Appellant Elpidiforo Dizon with being deportable under Section 241(a)(1)(A), as an alien who, by virtue of his fraudulent assertion that he was the single, never married, son of a United States citizen, was excludable at the time he entered the United States.[2] The INS is seeking to deport Dizon on the basis that he made fraudulent statements as to his marital and parental status to gain entry into the United States.

In 1994, at hearing before the Immigration Judge (IJ), Dizon requested relief from deportation on four different grounds:  (1) under Section 241(a)(1)(H), for a waiver of deportation as a child of a United States citizen;  (2) under Section 244(a), for suspension of deportation;  (3) under Section 212(i), for a waiver on ground of exclusion;  and (4) under Section 244(e), for voluntary departure.

---

* The Honorable James C. Hill, Senior United States Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  Dizon's motions for stay of mandate and remand to BIA for consideration of adjustment of status based on marriage are denied without discussion.  Also, submission was deferred on September 30, 2002, with advice to parties that the case would be resubmitted absent an agreed joint stipulation for remand. No such stipulation has been filed.

2.  All sections relate to the Immigration and Nationality Act (Act), 8 U.S.C. § 1105a (1994), as modified by the transitional rules for judicial review of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. 104–206, 110 Stat. 3009 (1996).

On cross examination, Dizon admitted that he made misrepresentations in 1985 as to his marital and parental status both orally to the consular officer and in writing upon his immigrant visa application. He testified that his mother knew of his marriage. He stated that he filed for divorce in 1992 because he knew he was still considered married. Dizon asked for relief due to his mother's health problems and her reliance upon him for financial and emotional support.

Dizon's mother testified that she was born in 1926 and suffers from a heart condition, diabetes and high blood pressure. She stated she did not know he was married and persisted in that statement even when confronted with a copy of his marriage certificate indicating that she granted her permission for the marriage.[3]

As to Issue 1, the IJ denied relief under Section 241(a)(1)(H), for waiver of deportation as a child of a United States citizen, finding both Dizon and his mother incredible due to their inconsistent and implausible testimony. He found an ongoing pattern of fraud. In addition, Dizon's employment record was spotty, offering no proof of financial reliance upon Dizon by his mother; no proof of her medical problems; and concealment of other Dizon siblings.

As to Issue 2, the IJ denied relief under Section 244(a), for suspension of deportation, finding that, through his false testimony, Dizon had failed to prove his good moral character or that his deportation to the Philippines would result in extreme hardship.[4]

The IJ found Dizon deportable, denying relief on grounds 1, 2 and 4. He found ground 3 to be inapplicable in Dizon's case.

Seven years elapsed. In 2001, the Board of Immigration Appeals (BIA) affirmed the IJ on grounds 1, 2, and 4, discussed in his decision, and dismissed the appeal, also finding a continued pattern of false statements maintained over a period of time, lack of good moral character and lack of extreme hardship.[5]

The BIA added that, subsequent to the IJ's decision, the Supreme Court expanded the interpretation of Section 241(a)(1)(H) to allow an IJ to consider any fraud committed by an alien at entry to the United States in exercising its discretion. *See* *INS v. Yueh–Shaio Yang,* 519 U.S. 26, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996); *Lising v. INS,* 124 F.3d 996, 997 (9th Cir.1997). At the time of his decision, the IJ was restricted to examining only those adverse factors outside the initial act of fraud.

Dizon appeals.

## III. ISSUES ON APPEAL

Dizon raises two issues on appeal. They relate to the denial of relief by the IJ, as affirmed by the BIA, under: (1) Section

---

**3.** When asked about other children who could provide for her, Dizon's mother testified that she only had three children, one of whom is a diagnosed schizophrenic. When confronted with her naturalization application in which she stated she had six children, she left the courtroom and refused to answer any further questions.

**4.** On ground 4 of voluntary departure, raised as an issue in Dizon's reply brief only, the IJ

found that this ground also required good moral character which was lacking in the present case.

**5.** The BIA conducted a *de novo* review of the record and affirmed the IJ decision "for the reasons set forth therein," as well as for additional reasons discussed in its order.

241(a)(1)(H), for a waiver of deportation as a child of a United States citizen; and (2) Section 244(e), for suspension of deportation.[6] He argues that the BIA erred in affirming the IJ's decision to deny relief under both sections.[7]

## IV. STANDARDS OF REVIEW

As the BIA in this case conducted a *de novo* review of the record, adopting the IJ decision, yet adding additional reasons of its own, we review both the decision of the BIA and the decision of the IJ. *See De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). The denial of discretionary relief by the IJ under Section 241(a)(1)(H) is reviewed for abuse of discretion. *See Hernandez–Robledo v. INS*, 777 F.2d 536, 540 (9th Cir.1985). Factual findings of the BIA and IJ are reviewed under a substantial evidence test. *See INS v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (under the substantial evidence test, the decision of the BIA must be upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."); *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000).

## V. DISCUSSION

Section 241(a)(1)(H)

Section 241(a)(1)(H) provides that the Attorney General, in his discretion, may waive the deportation of an alien who is excludable by reason of having made material representations in order to procure immigration documents. This waiver is only available where the alien who made misrepresentations is the spouse, parent, son or daughter of a United States citizen or an alien lawfully admitted to the United States for permanent residence, and was otherwise admissible to the United States at the time of his entry. *See* 8 U.S.C. § 1251(a)(1)(H) (1994). As the son of a U.S. citizen apparently admissible but for his misrepresentations, Dizon was eligible for § 241(a)(1)(H) relief.

The government argues that the BIA thoroughly and carefully reviewed the record in this case and correctly found that the pattern of false statements made by Dizon over a number of years outweighed any equities he may have developed in the United States. The false statements were made on his 1985 immigrant visa in the Philippines; in his interview in 1985 with a consular officer at the United States Embassy in Manila; upon entry into the United States in 1986; and on his application for naturalization in 1992. The testimony he gave at the hearing before the IJ in 1994 was also vague and implausible. The IJ found both Dizon and his mother to be incredible witnesses. In addition, the visa petition filed by Dizon's mother in 1984 on his behalf also contained false statements that he was her unmarried son.

---

**6.** As to the two additional issues raised by Dizon in his reply brief, the issue of his 2001 marriage is not before us, and the Section 244(e) voluntary departure issue was not raised in his initial brief and was therefore abandoned for purposes of this appeal.

**7.** In his opening brief, Dizon did not discuss grounds 3 and 4. In response therefore, the government, in its brief, addresses only issues 1 and 2. However, in Dizon's reply brief, he restates the issues on appeal as pertaining to grounds 1 and 4 (not 1 and 2), and, adds an additional issue regarding his subsequent marriage in 2001 to a United States citizen. We find that Dizon has abandoned on appeal grounds 3 and 4, and may not raise a new issue at this late date in his reply brief. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.1998) (Ninth Circuit will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief).

Dizon contends that the statements he made to the consular officer in Manila cannot be considered as testimony. This contention is without merit. *See Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001); *Bernal v. INS*, 154 F.3d 1020, 1022–23 (9th Cir.1998).

Dizon also contends that his case should be remanded "in light of substantially changed legal standards," citing the Supreme Court's decision in *Yang, supra*, in which the Court found that an IJ may consider the fraud relating to the initial entry in an application for a Section 241(a)(1)(H) waiver. As *Yang* liberalizes an IJ's discretion to review, it is adverse to Dizon's position.

It is clear in this case that the findings of the BIA and the IJ meet the substantial evidence test. In addition, it is also clear that no abuse of discretion by either judicial forum is present.

The denial of relief under Section 241(a)(1)(H) is correct.

Section 244(e)

It appears that, under Section 309(c)(4)(E), this court lacks jurisdiction to review the BIA's affirmance of the IJ's decision to deny Dizon's application for suspension of deportation under Section 244(e). Section 309(c)(4)(E) provides that "there shall be no appeal of any discretionary decision under section ... 244 ... of the Immigration and Nationality Act." *See Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997).

By innuendo, Dizon appears to concede this point at page 10 of his brief where he argues, in discussing his first issue, that is, the denial of relief under Section 241(a)(1)(H), "that Section 309(c)(4)(E) only bars direct judicial review of an enu-merated list of sections where the Attorney General may make discretionary decisions. [Section] 241(a)(1)(H) is not on the list...."

As Section 244 is on the list of sections enumerated in § 309(c)(4)(E), this court lacks jurisdiction to review the discretionary decision by the IJ on suspension of deportation under Section 244(e). To the extent the petition challenges the discretionary decision of the IJ rejecting suspension of deportation, the petition must be dismissed for lack of jurisdiction.

## VI. CONCLUSION

Based upon the foregoing, the decision of the BIA to dismiss Dizon's appeal is affirmed. His petition for review is denied.

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.