Sara Maritza **LOPEZ–HUEZO,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–70948.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Sara Maritza Lopez–Huezo, Van Nuys, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., John D. Williams, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Sara Maritza Lopez–Huezo, a native and citizen of El Salvador, petitions pro se for review of an order of the Board of Immi-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gration Appeals ("BIA") dismissing her appeal from an Immigration Judge's ("IJ") denial of her motion to reopen deportation proceedings. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the BIA's ruling on a motion to reopen for abuse of discretion. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890–91 (9th Cir.2002). We grant the petition for review and remand for further proceedings.

■ The agency denied Lopez–Huezo's motion to reopen to apply for special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), for two reasons. First, the agency determined that it lacked authority to consider Lopez–Huezo's untimely motion to reopen, citing *Munoz v. Ashcroft,* 339 F.3d 950, 956–57 (9th Cir.2003) (eligibility deadlines established by NACARA are cut-off dates and, therefore, not subject to equitable tolling). Our recent decision in *Albillo–De Leon v. Gonzales,* 410 F.3d 1090, 2005 WL 1345565 (9th Cir. June 8, 2005), however, established that the deadlines for filing a motion to reopen to apply for NACARA benefits can be equitably tolled. We therefore remand for the agency to consider whether Lopez–Huezo is entitled to equitable tolling in light of *Albillo–De Leon.*

■ Second, the agency determined that even if Lopez–Huezo had timely filed her motion to reopen, she failed "to show prima facie eligibility for NACARA." Specifically, Lopez–Huezo failed to show that she either applied for asylum on or before April 1, 1990, see 8 C.F.R. § 1003.43(d)(3), or applied for Temporary Protected Status on or before October 31, 1991, *see* 8 C.F.R. 1003.43(d)(1)(ii). In support of her petition for review, Lopez–

Huezo submitted a copy of Form G–56 issued by the United States Department of Justice, Immigration and Naturalization Service. This document, dated June 8, 1987, instructs Lopez–Huezo to appear for an interview with a political asylum officer on June 18, 1987, "regarding [her] application for Political Asylum."

While our review is generally restricted to "the administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A), we have carved a narrow exception for "taking judicial notice of the agency's own records." *Lising v. INS,* 124 F.3d 996, 998 (9th Cir.1997). If, on remand, the agency determines that Lopez–Huezo is entitled to equitable tolling, and her motion to reopen is therefore timely, the agency should reconsider Lopez–Huezo's prima facie eligibility for NACARA relief in light of the former INS' Form G–56. *Id.* at 999.

**PETITION FOR REVIEW GRANTED; REMANDED.**