NOT FOR PUBLICATION

AUG 06 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ENISA BOROVINA, | ) | No. 06-72113 |
| | ) | |
| Petitioner, | ) | Agency No. A096-351-743 |
| | ) | |
| v. | ) | **MEMORANDUM**<sup>*</sup> |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petition to Review an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2010
San Francisco, California

Before:     FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

Enisa Borovina, a citizen of Bosnia-Herzegovina, petitions for review of the

Board of Immigration Appeals' decision, which upheld the Immigration Judge's

orders.  We dismiss in part and deny in part.

(1)     When before the BIA, Borovina failed to exhaust her claims that the IJ

---

<sup>*</sup>This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

improperly granted her motion to withdraw her asylum application; that the IJ improperly denied her request for a continuance; and that she had ineffective assistance of counsel. As a result, 8 U.S.C. § 1252(d)(1) bars us from considering the merits of those claims. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004) (general rule); Singh v. Gonzales, 499 F.3d 969, 974 (9th Cir. 2007) (ineffective assistance of counsel claim); Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir. 2000) (same). Her attempt to frame those procedural issues as due process issues does not avail her because the BIA could have granted relief on each of her claims. See Tall v. Mukasey, 517 F.3d 1115, 1120 (9th Cir. 2008); Liu v. Waters, 55 F.3d 421, 425 (9th Cir. 1995); Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994). Thus, we will dismiss the appeal as to those claims.

(2)    Borovina asserts that the BIA abused its discretion[1] when it denied her request for a remand based on her claim that an I-130 Petition for Alien Relative on account of her status as a spouse had been filed.[2] We disagree. Her motion for remand is treated the same as a motion to reopen. See Romero-Ruiz, 538 F.3d at 1063. Because Borovina married while the removal proceedings were pending, it was presumed that she was not entitled to adjustment of status by way of a spousal

---

[1]See Romero-Ruiz v. Mukasey, 538 F.3d 1057, 1062 (9th Cir. 2008).

[2]See 8 U.S.C. § 1154(a)(1)(A)(i).

visa[3] and that presumption could only be dispelled if she established "by clear and convincing evidence" that, inter alia, "the marriage was entered into in good faith."[4] Therefore, in order to obtain a remand, she was required to submit sufficient evidence by affidavit or otherwise to establish a prima facie case[5] that overcame the presumption. That she did not even come close to doing; the most she showed was that she had married a United States citizen, who had filed an I-130 petition on her behalf. The BIA did not abuse its discretion when it denied her motion.[6]

Petition DISMISSED in part and DENIED in part.

---

[3] 8 U.S.C. § 1255(e)(1), (2).

[4] Id. § 1255(e)(3); see also 8 C.F.R. § 204.2(a)(1)(iii).

[5] See Young Sun Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir. 2008); Romero-Ruiz, 538 F.3d at 1063; Ordonez v. INS, 345 F.3d 777, 784–85 (9th Cir. 2003).

[6] We decline to consider the claimed grant of her husband's I-130 petition. That is not part of the administrative record and was not considered by the BIA. See 8 U.S.C. § 1252(b)(4)(A); Fisher v. INS, 79 F.3d 955, 963–64 (9th Cir. 1996) (en banc); cf. Lising v. INS, 124 F.3d 996, 998–99 (9th Cir. 1997). Moreover, no request for judicial notice has been filed and no copy of the alleged document has been submitted to us.