**NOT FOR PUBLICATION**

JUL 27 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS LIRA-HUERTA, | No. 13-72231 |
| Petitioner, | Agency No. A090-851-640 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:      CANBY, BEA, and MURGUIA, Circuit Judges.

Jesus Lira-Huerta, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, and review de novo questions of law. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying the motion to reopen as untimely where Lira-Huerta filed it more than 11 years after his final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and failed to establish that he warranted equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Go v. Holder*, 744 F.3d 604, 609-10 (9th Cir. 2014).

Contrary to Lira-Huerta's contention, the BIA sufficiently articulated its reasons for denial. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Because these determinations are dispositive, we need not reach Lira-Huerta's underlying contentions regarding his convictions.

Finally, we deny the government's motion for judicial notice of documents outside the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *Lising v. INS*, 124 F.3d 996, 998 (9th Cir. 1997) (explaining standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-72231