
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA LAURA GOMEZ-ROMO, AKA Laura Gomez-Romoana, AKA Myra Vanessa Salazar, | No. 13-72679 |
| Petitioner, | Agency No. A079-650-561 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Ana Laura Gomez-Romo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying her applications for cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004). We review for substantial evidence the denial of withholding of removal and CAT relief. *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We deny the petition for review.

The agency correctly determined that Gomez-Romo's conviction under section 13-2002 of the Arizona Revised Statutes renders her ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *Espino-Castillo v. Holder*, 770 F.3d 861, 864-65 (9th Cir. 2014) (Arizona forgery conviction is a crime involving moral turpitude rendering petitioner ineligible for cancellation of removal). In her opening brief, Gomez-Romo does not raise, and therefore waives, any contention regarding the petty offense exception. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

Substantial evidence supports the agency's denial of withholding of removal on the ground that Gomez-Romo failed to establish it is more likely than not she would be persecuted on the basis of a protected ground if returned to Mexico. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be

13-72231

free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the agency's denial of CAT relief on the ground that Gomez-Romo failed to demonstrate it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

To the extent Gomez-Romo is seeking to submit new evidence by referencing documents not included in the administrative record in her opening brief, we decline to take judicial notice of this new evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *Lising v. INS*, 124 F.3d 996, 998 (9th Cir. 1997) (explaining standard for review of out-of-record evidence).

Lastly, we reject Gomez-Romo's contention that her removal would violate the constitutional rights of her child. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978) (rejecting the contention that a parent's "deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child").

**PETITION FOR REVIEW DENIED.**