Ricardo **MONTESINOS–BONILLA,**
Petitioner,

v.

Loretta E. **LYNCH,** Attorney
General, Respondent.

No. 15–70046.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 17, 2015.

Jonathan A. Reingold, Reingold Law, P.L.L.C., Seattle, WA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Jacob Bashyrov, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM **

Ricardo Montesinos–Bonilla, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to reopen. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

We deny Montesinos–Bonilla's motion to take judicial notice of the new materials he submitted for the first time in support of his opening brief. *See Fisher v. INS,* 79 F.3d 955, 963–64 (9th Cir.1996) (en banc) (the court's review is limited to the administrative record); *cf. Lising v. INS,* 124 F.3d 996, 998–99 (9th Cir.1997) (taking judicial notice of agency's own records that falsified the basis on which the BIA relied).

The BIA did not abuse its discretion in denying Montesinos–Bonilla's motion to reopen as time and number barred, where he filed his second motion over seven years after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to submit new and material evidence demonstrating a material change in El Salvador to qualify for the regulatory exception to the time and number limitations for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi,* 597 F.3d at 988–90 (new evidence lacked materiality). We reject Montesinos–Bonilla's contentions that the BIA failed to consider reports he submitted with his motion to reopen and failed to accept as true facts stated in his declaration. *See Najmabadi,* 597 F.3d at 990 (BIA "adequately considered [petitioner's] evidence and sufficiently announced its decision").

Finally, the court lacks jurisdiction to review the BIA's refusal to reopen proceedings sua sponte. *See Mejia–Hernandez v. Holder,* 633 F.3d 818, 823–24 (9th Cir.2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.