**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

FELIPE ESPINO-CASTILLO,
*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,
*Respondent*.

No. 13-70756

Agency No.
A205-414-449

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 11, 2014—San Francisco, California

Filed October 29, 2014

Before: J. Clifford Wallace, Mary M. Schroeder,
and William A. Fletcher, Circuit Judges.

Opinion by Judge Schroeder

## SUMMARY[*]

### Immigration

The panel denied Felipe Espino-Castillo's petition for review of the Board of Immigration Appeals' decision finding that his state law forgery conviction qualified as a crime involving moral turpitude.

The panel held that petitioner's conviction under Arizona Revised Statutes § 13-2002 constituted a categorical crime involving moral turpitude because the statute criminalizes conduct that constitutes fraud. The panel held that the exception in *Beltran-Tirado v. INS*, 213 F.3d 1179 (9th Cir. 2000), to the clearly established rule that a fraud conviction is a CIMT did not apply to this offense, where the underlying conduct involved the use of false information to obtain employment.

### COUNSEL

Hugo F. Larios (argued), Hugo F. Larios Law, PLLC, Tempe, Arizona, for Petitioner.

Stuart F. Delery, Assistant Attorney General, Civil Division, Blair T. O'Connor, Assistant Director, Office of Immigration Litigation, Edward C. Durant and Jonathan Robbins (argued), United States Department of Justice, Washington, D.C. for Respondent.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

SCHROEDER, Circuit Judge:

In this petition for review of a Board of Immigration Appeals' ("BIA") order of removal, the novel question is whether Congress has exempted state fraud convictions from characterization as crimes involving moral turpitude, when the underlying conduct involved fraud in an application for employment. We hold Congress has not.

Petitioner relies on our decision in *Beltran-Tirado v. INS*, 213 F.3d 1179 (9th Cir. 2000), where we considered an amendment to the social security laws that granted immunity from prosecution for longstanding resident aliens who used a false social security number to obtain employment. We held the amendment expressed congressional intent that such conduct did not establish moral turpitude for immigration purposes. We have never applied *Beltran-Tirado*'s holding outside the social security context. We therefore deny the petition.

## BACKGROUND

Petitioner Felipe Espino-Castillo is a native and citizen of Mexico who entered the United States in approximately 1992 without admission or parole. He has lived in this country continuously since that time. In 2012, he was convicted in the Superior Court of Maricopa County, Arizona, of two counts of forgery in violation of Arizona Revised Statutes § 13-2002. Petitioner was promptly charged in immigration proceedings with being an alien who has been convicted of a crime involving moral turpitude ("CIMT") under 8 U.S.C. § 1182(a)(2)(A)(i)(I). He admitted his removability under a

different provision, but denied that he had been convicted of a CIMT and argued he was therefore eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C) (barring aliens convicted of a CIMT from cancellation of removal).

The Immigration Judge denied the application for cancellation in November 2012, finding that he was ineligible for such relief because his forgery conviction constituted a CIMT. The BIA affirmed, and this petition for review followed. Whether a conviction is a CIMT is a question of law which this court has jurisdiction to review de novo. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 911 (9th Cir. 2009).

Petitioner was convicted under section 13-2002 of the Arizona Revised Statutes, which provides in relevant part:

> [A] person commits forgery if, with *intent to defraud*, the person:
>
> 1. Falsely makes, completes, or alters a written instrument; or
>
> 2. Knowingly possesses a forged instrument; or
>
> 3. Offers or presents, whether accepted or not, a forged instrument that contains false information.

Ariz. Rev. Stat. § 13-2002(A) (2014) (emphasis added). The statute criminalizes conduct that constitutes fraud. Petitioner does not now dispute the proposition that fraud is generally a CIMT. We have repeatedly recognized the "longstanding

rule that crimes that have fraud as an element . . . are categorically crimes involving moral turpitude." *Planes v. Holder*, 652 F.3d 991, 997–98 (9th Cir. 2011); *see*, *e.g.*, *Goldeshtein v. INS*, 8 F.3d 645, 647 (9th Cir. 1993). The only issue on appeal is whether, under this court's decision in *Beltran-Tirado*, petitioner's conviction should not be considered a CIMT because the underlying conduct involved the use of false information to obtain employment.

## DISCUSSION

In *Beltran-Tirado*, the petitioner had been convicted in federal court of using a false social security number in violation of the predecessor to 42 U.S.C. § 408(a)(7)(B). 213 F.3d at 1182. For nineteen years she had used a social security card, found on a bus, to establish credit and obtain employment, until her income brought her to the attention of federal authorities. *Id.* When faced with deportation proceedings in 1993, Beltran sought to apply for relief under the registry statute, 8 U.S.C. § 1259. *Id.* That statute was enacted to provide relief to persons who had resided in the United States for a long period of time and possessed "good moral character." *Id.* at 1183. The BIA denied the application on the ground that her fraud conviction was a CIMT that prevented her from showing good moral character. *Id.*

On review of the BIA order, this court held that Beltran's conviction was not a CIMT. *Id.* at 1184. We did so by looking at a 1990 amendment to § 408 that exempted a category of aliens from prosecution for the crime of using a false social security number. *Id.* at 1183–84; 42 U.S.C. § 408(e) (2012) (previously numbered § 408(d)). Those exempted were persons who had been granted permanent

resident status under longstanding amnesty or registry statutes. *Id.* at 1183–84. The legislative history of the 1990 amendment indicated that Congress intended the exemption to include persons who used a false social security number in order to obtain employment. *Id.*

Although the amendment did not exempt Beltran herself from prosecution, because she could not meet the deadline for registration, we concluded that the amendment was indicative of a somewhat broader congressional intent. *Id.* at 1184. We said "that § 408(d) and the accompanying legislative history express Congress's intent that the crimes of which Beltran was convicted do not establish 'moral turpitude.'" *Id.* at 1184.

*Beltran-Tirado* is grounded in the history and purpose of § 408, the specific federal social security statute under which Beltran had been convicted. We have never overruled *Beltran-Tirado*, but we have never cited its holding for any purpose beyond the application of that specific statute. Both before and after *Beltran-Tirado*, we have expressly and repeatedly rejected the argument that fraud crimes are not per se CIMTs. *See, e.g.*, *Planes*, 652 F.3d at 997–98; *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1074–75 (9th Cir. 2007) (en banc) (Reinhardt, J., concurring for a majority), *overruled on other grounds by United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2010).

Other circuits have refused to follow *Beltran-Tirado* in any context. *See Lateef v. Dep't of Homeland Sec.*, 592 F.3d 926, 930–31 (8th Cir. 2010) (declining to follow *Beltran-Tirado* because its holding extended § 408(d) beyond its plain statutory terms); *Serrato-Soto v. Holder*, 570 F.3d 686, 692 (6th Cir. 2009) (declining to follow *Beltran-Tirado* in holding

that a state conviction for using false social security number a CIMT); *Hyder v. Keisler*, 506 F.3d 388, 393 (5th Cir. 2007) ("We decline to follow *Beltran-Tirado* in exempting social security number misuse from CIMT status . . . . [I]n *Beltran-Tirado*, the Ninth Circuit appears to have expanded a narrow exemption beyond what Congress intended.").

Moreover, we doubt we could now expand the reasoning of *Beltran-Tirado* beyond its original scope, even if we wanted to. That is because the inquiry in which petitioner asks us to engage involves examination of the circumstances surrounding petitioner's particular conviction. Because a conviction under Ariz. Rev. Stat. § 13-2002(A) requires intent to defraud, the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), forecloses any such inquiry.

To determine whether a petitioner's conviction is a CIMT, the court applies the categorical and modified categorical approaches articulated by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599–602 (1990). *Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008). A court must apply the categorical approach unless the statute in question is divisible and proscribes multiple alternative elements, some of which would qualify as a CIMT and some of which would not. *See Descamps*, 133 S. Ct. at 2284–85. A court may not apply the modified categorical approach "if the statute proscribes only conduct that involves moral turpitude." *Mendoza v. Holder*, 623 F.3d 1299, 1303 (9th Cir. 2010). In *Descamps*, the Supreme Court emphasized the necessity of looking to the elements of the crime under the categorical approach, rather than to the underlying circumstances or motivations. *See id.* at 2285. The Court said that a "circumstance-specific review is just what the

categorical approach precludes." *Id.* at 2292. Because the petitioner here was convicted under a statute that proscribes only morally turpitudinous conduct, we cannot look to the underlying circumstances of his crime.

Accordingly, because *Beltran-Tirado*'s holding depended upon the history of the specific statutory provision involved in that case, and not a garden-variety state fraud statute like the one involved here, *Beltran-Tirado* is by its terms inapplicable to petitioner's case. Further, the circumstance-specific approach that *Beltran-Tirado* took is now in tension with intervening and controlling Supreme Court authority. The case now stands, at best, as an isolated exception to the prevailing rule that a conviction for a fraud offense is categorically a crime involving moral turpitude. "Such has been the clearly established rule with respect to fraud since at least 1951." *Navarro-Lopez*, 503 F.3d at 1074 (Reinhardt, J., concurring for a majority).

The petition for review is **DENIED**.