**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS HERRERA-MAGALLANES, AKA Juan Herrera,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 10-72053<br><br>Agency No. A099-835-804<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Juan Carlos Herrera-Magallanes, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo questions of law. *Espino-Castillo v. Holder*, 770 F.3d 861, 863 (9th Cir. 2014). We deny the petition for review.

Herrera-Magallanes contends that his conviction for forgery under Arizona Revised Statutes § 13-2002 is divisible and is not categorically a crime involving moral turpitude. Herrera-Magallanes' contention is foreclosed by this court's holding in *Espino-Castillo v. Holder*, where this court concluded § 13-2002 "requires intent to defraud" and was not divisible because it is a "statute that proscribes only morally turpitudinous conduct." *Id.* at 864-65. Accordingly, the BIA correctly determined that a conviction for forgery under § 13-2002 is categorically a crime involving moral turpitude that renders Herrera-Magallanes statutorily ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(3), 1229b(b)(1)(B).

**PETITION FOR REVIEW DENIED.**

10-72053