**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTOS EUSEBIO PIZANO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    15-70120

Agency No. A095-746-754

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Santos Eusebio Pizano, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's denial of cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Espino-*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Castillo v. Holder*, 770 F.3d 861, 863 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Pizano has not established any error in the agency's determination that his conviction under California Penal Code § 530.5(c)(1) is categorically a conviction for a crime involving moral turpitude ("CIMT") because it requires proof of an "intent to defraud" as an element of the crime. *See Espino-Castillo*, 770 F.3d at 863-64 (recognizing the "longstanding rule that crimes that have fraud as an element are categorically crimes involving moral turpitude," and a "court may not apply the modified categorical approach if the statute proscribes only conduct that involves moral turpitude") (alterations, citations, and quotation marks omitted). Because Pizano's conviction is punishable by "imprisonment in a county jail not to exceed one year," California Penal Code § 530.5(c)(1), it is an offense "for which a sentence of one year or longer may be imposed," which renders the conviction one described under section 8 U.S.C.§ 1227(a)(2)(A)(i)(II). *See Ceron v. Holder*, 747 F.3d 773, 777-78 (9th Cir. 2014) (en banc) (explaining classification as a felony or misdemeanor is irrelevant where the maximum punishment for the misdemeanor offense is one year). Accordingly, Pizano is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1227(a)(2)(i).

We lack jurisdiction to review Pizano's contention that his statute of conviction lacks an interstate commerce element, and therefore is not a CIMT, because he failed to raise it before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**