**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO PAZ-VALADEZ, AKA Juan Robles,<br><br>        Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.    14-70092<br><br>Agency No. A088-450-150<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2017[**]
San Francisco, California

Before:  WARDLAW and GOULD, Circuit Judges, and HUFF,[***] District Judge.

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]      The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

Antonio Paz-Valadez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA") order dismissing his appeal from an immigration judge's denial of cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. Whether a conviction is a crime involving moral turpitude ("CIMT") is a question of law we review de novo. *Espino-Castillo v. Holder*, 770 F.3d 861, 863 (9th Cir. 2014). We deny the petition for review.

The BIA did not err in determining that Paz-Valadez's conviction for knowingly possessing a false identification document with intent to defraud the United States under 18 U.S.C. § 1028(a)(4) is categorically a CIMT because "intent . . . to defraud" is an element of the crime. *See Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008) ("A crime involves fraudulent conduct, and thus is a [CIMT], if intent to defraud is either explicit in the statutory definition of the crime or implicit in the nature of the crime." (internal quotation marks omitted)); *Espino-Castillo*, 770 F.3d at 864 (recognizing that "[a] court may not apply the modified categorical approach if the statute proscribes only conduct that involves moral turpitude" (internal quotation marks omitted)).

Paz-Valadez's argument that his conviction is not a CIMT based on this court's decision in *Beltran-Tirado v. I.N.S.*, 213 F.3d 1179 (9th Cir. 2000), is foreclosed. *See Espino-Castillo*, 770 F.3d at 865 (explaining that *Beltran-Tirado*

2

was, "at best, . . . an isolated exception to the prevailing rule that a conviction for a fraud offense is categorically a [CIMT]").  The unique circumstances warranting *Beltran-Tirado*'s "isolated exception" do not exist in this case.  *See Beltran-Tirado*, 213 F.3d at 1183.

Under 8 U.S.C. § 1229b(b)(1)(C), a non-permanent resident is not eligible for cancellation of removal if he or she has been convicted of two or more CIMTs not arising out of a single scheme of criminal misconduct.  The BIA correctly determined that Paz-Valadez's convictions under 18 U.S.C. § 1028(a)(4) and for petty theft are CIMTs that render him statutorily ineligible for cancellation of removal.

**PETITION FOR REVIEW DENIED.**