NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS OCHOA-HUERTA, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.   16-72419 Agency No. A200-963-272 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Juan Carlos Ochoa-Huerta, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Espino-Castillo v. Holder*, 770 F.3d 861, 863 (9th Cir. 2014). We deny the petition for review.

Ochoa-Huerta has not established any error in the agency's determination that his conviction under Nevada Revised Statute §§ 205.760, 193.330 is categorically a crime involving moral turpitude, because it requires proof of "intent to defraud" as an element of the crime. *See Espino-Castillo*, 770 F.3d at 863-64 (recognizing the "longstanding rule that crimes that have fraud as an element are categorically crimes involving moral turpitude," and a "court may not apply the modified categorical approach if the statute proscribes only conduct that involves moral turpitude" (alterations, citations, and quotation marks omitted)); *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1209 n.2 (9th Cir. 2013) (the court looks to the underlying crime in determining whether a conviction for attempt constitutes a crime involving moral turpitude). Accordingly, Ochoa-Huerta is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1182(a)(2).

In light of this disposition, we do not reach, and the BIA was not required to address, Ochoa-Huerta's remaining contentions regarding his alleged controlled substance conviction. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *see also Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED.**