NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DEL CARMEN ESPINO-LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-217 <br><br> Agency No. <br> A205-270-468 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 20, 2024[**]
San Francisco, California

Before: OWENS and BADE, Circuit Judges, and BAKER, Judge.[***]

Maria Del Carmen Espino-Lopez, a citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (BIA) order dismissing her appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Immigration Judge's order denying her application for cancellation of removal. We have jurisdiction to consider "questions of law." 8 U.S.C. § 1252(a)(2)(D). We review questions of law de novo, *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014), and we deny the petition for review.

The BIA did not err when it determined that Espino-Lopez's conviction for solicitation to commit forgery under Arizona Revised Statutes §§ 13-1002(A) (solicitation) and 13-2002(A)(2) (forgery) was categorically a crime involving moral turpitude (CIMT) that rendered her ineligible for cancellation of removal. An alien is ineligible for cancellation of removal if she has been convicted of a CIMT. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C). When an alien has been convicted for a solicitation offense, we look at the underlying crime to determine if the offense constitutes a CIMT. *Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903 (9th Cir. 2007) (explaining that when the conviction for solicitation is not for "unspecified criminal conduct," the court considers the "underlying crime[] in determining whether convictions for inchoate offenses constitute crimes involving moral turpitude"). Here, the underlying conviction was under section 13-2002(A), which is "per se" a CIMT "[b]ecause . . . [it] requires intent to defraud." *Espino-Castillo v. Holder*, 770 F.3d 861, 864 (9th Cir. 2014). Thus, Espino-Lopez was ineligible for cancellation of removal, and the BIA did not err.

**PETITION DENIED.**