Filed 3/22/16  P. v. Cardenas CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ROBERT CARDENAS,<br><br>  Defendant and Appellant. | B262132<br><br>(Los Angeles County<br>Super. Ct. No. VA129321) |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Brad Kaiserman, under appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Robert Cardenas (also known as Robert Medina) appeals from an order denying him resentencing. Cardenas argues he is eligible for resentencing because (1) under Proposition 47 (the Safe Neighborhoods and Schools Act) (Pen. Code, § 1170.18) (Prop 47) he is statutorily presumed eligible for resentencing, (2) in rebutting this statutory presumption, the prosecution is limited to the record of conviction, (3) the record of conviction is limited to the bare elements of his pleaded-to offense, forgery, because he entered his plea according to *People v. West* (1970) 3 Cal.3d 595 (*West*), and (4) the bare elements of forgery do not rebut the statutory presumption. We hold the record of conviction supports denying Cardenas resentencing.

## BACKGROUND

On February 7, 2013, Derald Plount, an acquaintance of Cardenas's, sold a vehicle to Doudy Abankwan for $500. Plount referred Abankwan to Cardenas for engine work the car needed. The buyer delivered the vehicle to Cardenas, but Cardenas did not work on the engine. Instead, Cardenas sold the vehicle to another individual for $400, forging the bill of sale using Plount's name.

The district attorney (D.A.) filed an information on November 12, 2013, charging Cardenas with grand theft auto (Pen. Code, § 487, subd. (d)(1)) (count 1); forgery of a vehicle transfer form (§ 470, subd. (d)) (count 2); forgery of an application for a duplicate or paperless title (§ 470, subd. (d)) (count 3); and false personation (§ 529, subd. (a)(2)) (count 4). The D.A. also alleged Cardenas had been convicted of a serious felony under section 667, subdivisions (b) through (j) and section 1170.12, and had been incarcerated for five terms within the meaning of section 667.5, subdivision (b). Cardenas entered a nolo contendere plea under *West*, *supra*, 3 Cal.3d 595, to count 2, forgery of a vehicle transfer form. After finding a factual basis for the plea, the court sentenced Cardenas to a total of 32 months in state prison.

On November 18, 2014, Cardenas filed a motion for resentencing under Prop 47. The court denied Cardenas's motion, holding that because Prop 47 did not cover forgeries of documents related to vehicles, he was ineligible for resentencing. Cardenas appealed.

2

## DISCUSSION

On appeal, Cardenas contends the record of conviction does not render him ineligible for sentencing.  We disagree.

**A.      Cardenas bears the burden of proof to demonstrate resentencing eligibility**

Although Prop 47 does not allocate the burden of proof to demonstrate resentencing eligibility, appellate courts have placed the burden on the defendant. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*); *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 (*Rivas-Colon*), quoting *Sherow*; *People v. Ortiz* (2016) 243 Cal.App.4th 854, 861, citing *Sherow*; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136, quoting *Sherow* and citing *Rivas-Colon*.)  We agree with allocating the burden to the defendant.  As the *Sherow* court reasoned, "It is a rational allocation of burdens if the petitioner," who has been "validly convicted" of a crime, "bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Sherow*, at p. 878.)

Cardenas acknowledges this precedent, but contends it does "not address the consistent line of" cases, such as *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*) and *People v. Watts* (2005) 131 Cal.App.4th 589, which hold "an offense is presumed to be for the least offense possible," and here, the least offense possible would create eligibility.  Cardenas misapplies *Guerrero* and *Watts*.  The presumption there is that, in the "Three Strikes" context, "if it cannot be determined from the record that the offense was committed in a way that would make it a strike," an offense is presumed to be the least offense possible.  (*Watts*, at p. 596, italics omitted.)  By its own terms, that presumption does not apply until *after* a review of the record.  As explained below, the record of conviction demonstrates Cardenas's ineligibility and therefore the presumption, even if potentially applicable in this context, does not apply here.

**B.      The record of conviction establishes Cardenas's resentencing ineligibility**

Cardenas argues that the court is limited to his record of conviction in determining his resentencing eligibility and his *West* plea limited the record of conviction to the bare elements of the forgery offense.  We need not address Cardenas's argument that the court

3

is limited to his record of conviction because the record of conviction alone demonstrates Cardenas's ineligibility for resentencing.

**1. Cardenas's *West* plea does not limit the record of conviction to the bare elements of his forgery offense**

Cardenas tries to limit the record of conviction to the bare elements of his forgery offense because he pleaded nolo contendere, or no contest, to the offense under *West*, *supra*, 3 Cal.3d 595. When entering a *West* plea, a defendant agrees to plead guilty to an offense, but does not admit to the offense's alleged factual basis. (*In re Alvernaz* (1992) 2 Cal.4th 924, 932.) Cardenas argues that when he entered his *West* plea, he was only pleading to "the bare elements of the offense without a factual basis." The bare elements of a forgery offense do not specify the type of falsified writing. (See Pen. Code, § 470; *People v. Castellanos* (2003) 110 Cal.App.4th 1489, 1493, quoting CALJIC No. 15.00.) Under section 470, subdivision (d), forgeries of only certain types of writings create eligibility. (§ 470, subd. (d) [forgery of a "certificate of ownership or other document evidencing ownership of a vehicle or undocumented vessel" does not create eligibility]; § 473, subd. (b).) Cardenas argues, in essence, that the court erred in looking to the information in determining what type of documents Cardenas forged because the type of writing is not an element of the crime but rather is a fact, and one to which he did not admit.

Cardenas, however, failed to cite a single case where a court limited the record of conviction to the bare elements of the offense. In fact, his only cite, *Guerrero*, *supra*, 44 Cal.3d 343, actually supports review of the entire record of conviction. Granted, *Guerrero* is not precisely on point because in *Guerrero* the defendant was convicted after a jury trial and the issue on appeal was whether the court, in determining the truth of a prior conviction allegation, could look beyond the prior judgment of conviction to the entire record of conviction. (*Guerrero* at p. 345.) The *Guerrero* court, however, concluded courts may review "*the entire record of the conviction*" in that context. (*Id*. at p. 355, italics added.) This rule "promotes the efficient administration of justice and, specifically, furthers the evident intent of the people in establishing an enhancement for,"

4

what was at issue in *Guerrero*, the "'burglary of a residence'—a term that refers to *conduct*, not a specified *crime*." (*Ibid*.) Prop 47 likewise identifies types of conduct rather than types of crime because without the proposition's categorization of certain forgeries as felonies, all forgeries would be of the same type of crime regardless of the underlying conduct. In adopting Prop 47's conduct-based categorizations, the people evidently intended the conduct of forging vehicle transfer papers to remain a felony. A plea to simply a forgery, however, would not disclose whether the underlying facts about the defendant's conduct made the forgery a misdemeanor or a felony because it involved vehicle transfer papers. Without the court's access to these facts, the people's evident intent to distinguish forgeries based on conduct would be subverted.

Another factor weighs in favor of not limiting the record. Prop 47 permits a court, "in its discretion," to deny a petition if "resentencing the petitioner would pose an unreasonable risk of danger to public safety," and in deciding so may use a number of sources of information, including "[a]ny other evidence the court, within its discretion, determines to be relevant." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, p. 74.) Although the public danger exception is not applicable here, the nature of this exception speaks to the people's desire to equip the court with all the information necessary to make a proper judgment about whether to resentence an offender. Limiting the record of conviction to the bare elements of the defense does not further this goal.

2.      **The record of conviction includes the accusatory pleading and supports ineligibility**

The record of conviction includes the accusatory pleading. (*People v. Washington* (2012) 210 Cal.App.4th 1042, 1045 (*Washington*), citing *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350.) Here, in count 2 of the information, the D.A. specifically alleged Cardenas forged a "Vehicle/Vessel Transfer and Reassignment Form."

The record of conviction also includes a guilty plea. (*Washington*, *supra*, 210 Cal.App.4th at p. 1045.) A nolo contendere plea, like Cardenas's, is treated as a guilty plea in subsequent criminal proceedings. (*People v. Rauen* (2011) 201 Cal.App.4th 421,

5

425.)  Although a nolo contendere plea removes "'the threat of collateral estoppel'" in a civil suit, "'[t]he Legislature did not provide for a similar exclusion of the collateral use of a conviction based on a plea of nolo contendere in criminal actions.  The full use of the criminal conviction based on a plea of nolo contendere in later criminal actions was neither prohibited by the Legislature nor is it constitutionally compelled.'"  (*Id.* at pp. 425–426, quoting *People v. Chagolla* (1984) 151 Cal.App.3d 1045, 1048–1049.)  Cardenas does not dispute his plea, and we therefore give it the full effect of a guilty plea, including any criminal collateral consequences.

Cardenas was ineligible for resentencing because the information in his record of conviction specified he had forged documents relating to the ownership of a vehicle and he pleaded nolo contendere, which we consider here as guilty, to that charge.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


LUI, J.


We concur:


CHANEY, Acting P. J.


JOHNSON, J.

6