**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PEDRO ANTONIO VASQUEZ-BORJAS,
*Petitioner*,

v.

MERRICK B. GARLAND, Attorney
General,
*Respondent.*

No. 17-70867

Agency No.
A028-889-216

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2021
Pasadena, California

Filed June 6, 2022

Before: Consuelo M. Callahan and Danielle J. Forrest,
Circuit Judges, and Carol Bagley Amon,* District Judge.

Opinion by Judge Forrest

---

* The Honorable Carol Bagley Amon, United States District Judge
for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Immigration

Denying in part and dismissing in part Pedro Antonio Vasquez-Borjas's petition for review of a decision of the Board of Immigration Appeals, the panel held that a forgery under California Penal Code § 472 is a crime involving moral turpitude.

Vasquez-Borjas was convicted of forgery under Section 472 for possession of a counterfeit government seal—a Social Security card that he knew was fake.  The BIA concluded that this conviction was a crime involving moral turpitude that made him ineligible for cancellation of removal.  Vasquez-Borjas argued that intent to defraud is not a required element under Section 472, and therefore, his forgery conviction was not a categorical crime involving moral turpitude.  Specifically, Vasquez-Borjas argued that Section 472 is organized into three clauses and that intent to defraud is not an element of the so-called "possession" clause under which he was convicted.

Applying the categorical approach, the panel considered the elements of Section 472 and concluded that California law does not support Vasquez-Borjas's reading of the statute.  The panel explained that it is reasonable to read the statutory text as requiring that all the prohibited acts be done "with the intent to defraud another," and that no California court has held that Section 472 has separate clauses or that the intent-to-defraud element is limited to specific clauses or

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

actions. The panel also explained that California caselaw establishes that forgery requires intent to defraud and that California's pattern jury instructions confirm that conclusion.

The panel compared the elements of Section 472 to the generic federal offense. The panel explained that the court's caselaw establishes that the generic federal definition of forgery includes fraudulent intent and, therefore, it is a crime involving moral turpitude. Because California requires proof of intent to defraud for all Section 472 offenses, the panel concluded that Section 472 is a categorical match with the federal definition of forgery, and that the BIA did not err in concluding that a Section 472 conviction is for a crime involving moral turpitude.

Vasquez-Borjas argued that, even if he was convicted of a crime involving moral turpitude, he was eligible for cancellation of removal under 8 U.S.C. § 1182(a)(2)(A)(ii)—the petty-offense exception. Vasquez-Borjas did not dispute that he failed to raise this issue in his immigration proceedings, but made three arguments for why it was exhausted.

First, Vasquez-Borjas argued that the court could address the issue because the BIA addressed it on the merits. The panel rejected that contention, explaining that the BIA merely noted that Vasquez-Borjas had not made any argument related to the petty-offense exception and that it appeared that the exception would not apply. Second, Vasquez-Borjas argued that his case was like *Abebe v. Gonzales*, 432 F.3d 1037 (9th Cir. 2005) (en banc), where the court concluded that an issue raised to the IJ, but not to the BIA, was exhausted because the BIA affirmed the IJ's entire decision under *Matter of Burbano*, 20 I. & N. Dec. 872

(BIA 1994). The panel concluded that the cases were not analogous, explaining that the IJ here did not address the petty-offense exception, and the BIA indicated that it considered only the IJ's conclusion that Vasquez-Borjas was ineligible for cancellation of removal due to his conviction. Finally, Vasquez-Borjas contended that his argument to the BIA that his conviction did not render him inadmissible was sufficient to alert the BIA to the relevance of the petty offense exception. The panel concluded that the record belied that assertion, noting that the BIA did not read Vasquez-Borjas's brief as raising the exception and nothing in the record demonstrated that the BIA's observation was incorrect.

## COUNSEL

Nicholas Hodges (argued), Jones Day, San Diego, California, for Petitioner.

Michael C. Heyse (argued), Acting Senior Litigation Counsel; Dawn S. Conrad, Senior Litigation Counsel; Mary Jane Candaux, Assistant Director; Brian M. Boynton, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

FORREST, Circuit Judge:

The Board of Immigration Appeals (BIA) denied petitioner Pedro Antonio Vasquez-Borjas's application for cancellation of removal, concluding that his California forgery conviction is a crime involving moral turpitude that disqualifies him from relief. Vasquez-Borjas seeks review of the BIA's decision, arguing that his forgery conviction is not a categorical crime involving moral turpitude because intent to defraud is not a required element under California Penal Code § 472 (Section 472). Alternatively, he argues that, even if his conviction is a crime involving moral turpitude, he is nonetheless eligible for cancellation of removal under 8 U.S.C. § 1182(a)(2)(A)(ii)(II)'s petty-offense exception. Because we conclude that intent to defraud is a required element of a Section 472 conviction and because Vasquez-Borjas failed to exhaust his petty-offense-exception argument, we deny in part and dismiss in part his petition for relief.

## I.  BACKGROUND

Vasquez-Borjas, a native and citizen of Honduras, entered the United States unlawfully. He has a child who is a United States citizen. After entering the United States, Vasquez-Borjas was convicted of multiple crimes, including forgery for knowingly possessing a counterfeit Social Security card in violation of Section 472. He was sentenced to 14 days in jail and two years' probation for this offense.

Over a decade after his California forgery conviction, the government charged Vasquez-Borjas as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States unlawfully. Vasquez-Borjas conceded that he was

removable and applied for cancellation of removal and adjustment of status. He asserted that he was entitled to relief because his teenage United States citizen child would suffer hardship if he was removed.

After a hearing, the Immigration Judge (IJ) denied Vasquez-Borjas's application for relief because his California forgery conviction was a crime involving moral turpitude that "bar[red] him from cancellation of removal."[1] Vasquez-Borjas appealed to the BIA, arguing, among other things, that the IJ erred in concluding that his forgery conviction was categorically a crime involving moral turpitude because Section 472 "is divisible and does not necessarily involve 'the intent to defraud another.'" The BIA dismissed Vasquez-Borjas's appeal. Relying on *People v. Castellanos*, 110 Cal. App. 4th 1489 (2003), the BIA concluded that Vasquez-Borjas was statutorily ineligible for cancellation because his forgery conviction was categorically a crime involving moral turpitude. In a footnote, the BIA also stated that even though Vasquez-Borjas had not argued the petty-offense exception, 8 U.S.C. § 1182(a)(2)(A)(ii), "it appear[ed] that the exception . . . would not apply."

## II. STANDARD OF REVIEW

Where the BIA conducts an independent review of the facts and law, we review only the BIA's decision. *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015). We review questions of law, like identification of the statutory

---

[1] Vasquez-Borjas's child was 20 years old at the time of the IJ's decision.

elements of conviction, de novo. *Barbosa v. Barr*, 926 F.3d 1053, 1057 (9th Cir. 2019).

## III.  DISCUSSION

An alien facing a lawful removal order may seek cancellation of removal. 8 U.S.C. §§ 1229a(c)(4), 1229b(b)(1). However, the Immigration and Nationality Act specifies several eligibility requirements for this relief. Relevant here, cancellation of removal is unavailable to someone who has been convicted of a crime involving moral turpitude for which a term of one year or more of imprisonment may be imposed. *Id.* § 1229b(b)(1)(C). But there is an exception where the person has "committed only one crime," the maximum penalty for which did not exceed one year, and the sentence imposed did not exceed six months. *Id.* § 1182(a)(2)(A)(ii)(II). This is known as the petty-offense exception. *See Ortega-Lopez v. Barr*, 978 F.3d 680, 692 n.11 (9th Cir. 2020). We address both whether Vasquez-Borjas was convicted of a crime involving moral turpitude and the petty-offense exception.

## A.  Crime Involving Moral Turpitude

In determining whether a state conviction is a crime involving moral turpitude we follow the "three-step process" outlined in *Descamps v. United States*, 570 U.S. 254 (2013). *Barbosa*, 926 F.3d at 1057. First, we apply the categorical approach by "identify[ing] the elements of the statute of conviction" and then comparing those elements "to the generic definition of a [crime involving moral turpitude] and decide whether the conviction meets that definition." *Barbosa*, 926 F.3d at 1057 (quotation marks and citation omitted). If this analysis "reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical

match, and every conviction under that statute qualifies as [a crime involving moral turpitude].” *Id.* (alterations in original) (quotation marks and citation omitted). We review the BIA’s construction of state and federal statutes de novo. *Id.*

If the state statute is overbroad, meaning it criminalizes conduct that the federal statute does not, we proceed to step two and analyze whether the state statute is divisible. *Id.* “If the statute is indivisible, ‘our inquiry ends, because a conviction under an indivisible, overbroad statute can never serve as a predicate offense.’” *Id.* (quoting *Almanza-Arenas v. Lynch*, 815 F.3d 469, 475 (9th Cir. 2016) (en banc)). But if the state statute is divisible, we proceed to step three—the modified categorial approach—and “examine certain documents from the defendant’s record of conviction to determine what elements of the divisible statute he was convicted of violating.” *Id.* (citation omitted). Here, we conclude at step one that Section 472 is a categorical match to the federal definition of forgery, which is a crime involving moral turpitude, and therefore we need not address steps two and three.

## 1.  Elements of Section 472

Vasquez-Borjas was convicted of misdemeanor forgery for possession of a counterfeit government seal—a Social Security card that he knew was fake. Vasquez-Borjas’s statute of conviction provides:

> Every person who, with intent to defraud another, forges, or counterfeits the seal of this State, the seal of any public officer authorized by law, the seal of any Court of record, or the seal of any corporation, or any other public seal authorized or recognized by the laws of

this State, or of any other State, Government, or country, or who falsely makes, forges, or counterfeits any impression purporting to be an impression of any such seal, or who has in his possession any such counterfeited seal or impression thereof, knowing it to be counterfeited, and willfully conceals the same, is guilty of forgery.

Cal. Penal Code § 472.

The parties' primary dispute is whether intent to defraud is a required element of Section 472. Vasquez-Borjas argues that this statute is organized into three clauses and intent to defraud is an element only of the first clause, which he calls the "seal clause." He contends that the third clause that was the basis for his conviction (termed the "possession clause") requires only the following elements: (1) possession of a forged or counterfeit seal or impression; (2) knowledge that it was counterfeit; and (3) willful concealment of the seal's counterfeit nature.

California law does not support Vasquez-Borjas's reading of this statute. It is reasonable to read the statutory text as requiring that all the prohibited acts be done "with the intent to defraud another." Cal. Penal Code § 472. And significantly, no California court has held that Section 472 has separate clauses or that the intent-to-defraud element is limited to specific clauses or actions listed in the statute. *See, e.g.*, *Castellanos*, 110 Cal. App. 4th at 1493; *cf. Pereida v. Wilkinson*, 141 S. Ct. 754, 759 (2021) (listing the separate clauses of Nebraska's criminal impersonation statute). Instead, California caselaw establishes that forgery "has three elements: a writing or other subject of forgery, the false making of the writing, and intent to defraud." *Castellanos*,

110 Cal. App. 4th at 1493 (quoting *People v. Gaul-Alexander*, 32 Cal. App. 4th 735, 741 (1995)); *see also People v. Terrill*, 133 Cal. 120, 125 (1901) ("Section[] . . . 472 provide[s] that every person who, *with the intent to defraud another*, does certain acts therein enumerated is guilty of forgery.") (emphasis added); *see also Miranda-Romero v. Lynch*, 797 F.3d 524, 526 (8th Cir. 2015) ("In light of the California courts' longstanding interpretation of this statute, we hold that a conviction under § 472 always includes the element of a specific intent to defraud and is thus categorically a crime involving moral turpitude.").

Of particular relevance here, *Castellanos* made clear that a Section 472 conviction based on possession requires proof of intent to defraud. It established that fraudulent intent may be established by proof that the defendant *possessed* a forged or counterfeit seal or impression separate from whether the defendant *used* the forged item to gain some benefit or advantage. *See Castellanos*, 110 Cal. App. 4th at 1493. Castellanos argued that because he did not present or furnish his forged resident alien card "to obtain money or property of value there [was] no substantial evidence he had the intent to defraud." *Id.* The California Court of Appeal disagreed, noting that intent can be proven with circumstantial evidence and that the defendant's forged card could deceive an employer into believing that he was lawfully authorized to work in the United States. *Id.* at 1493–94. That is, it would be reasonable for a factfinder to conclude that the defendant possessed the forged card for the purpose of defrauding someone into believing that it was valid. Thus, the *Castellanos* court concluded that substantial evidence established an intent to defraud even though the defendant had not used the forged document to obtain money or anything else of value. *Id.* at 1494.

California's pattern jury instructions also confirm that intent to defraud is a required element for any Section 472 offense. *See Betansos v. Barr*, 928 F.3d 1133, 1138 (9th Cir. 2019) (relying on pattern jury instructions to determine the elements of a California crime). California Jury Instruction-Criminal (CALJIC) No. 15.00 identifies intent to defraud as a required element for forgery. CALJIC 15.00; *see also Castellanos*, 110 Cal. App. 4th at 1493 (discussing CALJIC 15.00 in relation to forgery charge based on possession of a counterfeit document). Vasquez-Borjas points to a different set of pattern instructions—the Judicial Council of California Criminal Jury Instructions (CALCRIM)—and notes that they provide separate instructions for forgery and possession of a forged document. That may be, but this does not help Vasquez-Borjas's argument because the specific instruction for a Section 472 charge based on possession of a forged document lists intent to defraud as a required element and explains what constitutes intent to defraud. CALCRIM No. 1926; *see People v. Calistro*, 12 Cal. App. 5th 387, 402 (2017) ("While the newer CALCRIM instructions have been endorsed by the California Judicial Council and are generally viewed as superior to the older CALJIC instructions, the CALJIC instructions are not necessarily defective or inadequate.").

Vasquez-Borjas argues that applying the intent-to-defraud element to the so-called "possession clause" would nullify the requirement that a person "willfully conceal[]" the forged nature of the document possessed. Cal. Penal Code § 472. According to Vasquez-Borjas, fraudulent intent means an intent to gain an advantage at the expense of another person but willful concealment does not require any such intent. He argues, therefore, that applying an intent-to-defraud element to a possession-based offense "nullifies the legislature's decision to use the word 'willfully'" and

"would make the word 'willfully' entirely superfluous." His argument is not persuasive.

We "look[] to the state courts to determine the elements of state law." *Rendon v. Holder*, 764 F.3d 1077, 1088 n.13 (9th Cir. 2014). And as explained, California has determined that intent to defraud is a required element for all Section 472 convictions. *See Castellanos*, 100 Cal. App. 4th at 1493–94 (citing CALJIC 15.00); CALCRIM No. 1926. If requiring both elements contradicted California's legislative intent, the California courts could have said so.**[2]** It is not our role as a federal court to supplant California's interpretation of its own law.

Vasquez-Borjas also argues that under the rule of the last antecedent, we should not apply the phrase "intent to defraud" beyond the immediately following so-called "seal clause." Under this rule, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phase that it immediately follows." *Lockhart v. United States*, 577 U.S. 347, 351 (2016) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)). Vasquez-Borjas asserts that we should apply the phrase "intent to defraud" only to the "who" in the "forges or counterfeits the seal" clause and not to the subsequent "whos" referenced in the "makes, forges, or counterfeits any impression" or possession

---

**[2]** We note that Vasquez-Borjas's proposed reading of Section 472 as having three clauses, two of which do not require specific intent to defraud, leads to the strange result that a person who counterfeits a government seal must have the intent to defraud but a person who "counterfeits any impression purporting to be an impression of any such seal" does not. Cal. Penal Code § 472; *see Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

clauses. This contention is again foreclosed by California caselaw and pattern jury instructions.

In sum, Vasquez-Borjas concedes that "[a]n element of a crime is a constituent part of the offense which must be proved by the prosecution *in every case* to sustain a conviction under a given statute." California law establishes that intent to defraud is an element of a Section 472 offense, including a charge based on possession. Therefore, we accept California's construction of its own law and conclude that intent to defraud is a necessary element of all convictions under Section 472.

## 2. Comparison to Generic Federal Offense

Having determined the elements of Vasquez-Borjas's California forgery conviction, we next compare those elements to "the elements of the generic offense defined by federal law." *Barbosa*, 926 F.3d at 1057 (quoting *Almanza-Arenas*, 815 F.3d at 475). While we review the BIA's construction of state and federal statutes de novo, its "conclusion that a particular crime does or does not involve moral turpitude is subject to different standards of review depending on whether the BIA issues or relies on a published decision in coming to its conclusion." *Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010); *see also Marmolejo-Campos v. Holder*, 558 F.3d 903, 909 (9th Cir. 2009) (en banc). Where, as here, the BIA's decision was not published and it did not rely on one of its own published decisions, we afford *Skidmore* deference—that is, we defer "to [the BIA's] conclusion to the extent that it has the 'power to persuade.'" *Barbosa*, 926 F.3d at 1057–58 (quoting *Nunez*, 594 F.3d at 1129).

But ultimately we need not wrestle long with the BIA's conclusion that Vasquez-Borjas's conviction was for a crime

involving moral turpitude because this aspect of the categorical approach is straightforward here. Our caselaw establishes that the generic federal definition of forgery includes fraudulent intent and, therefore, it is a crime involving moral turpitude. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008) (fraudulent intent is element of federal generic definition of forgery); *Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012) (offenses "involving fraud" are crimes involving moral turpitude). Whereas California requires proof of intent to defraud for all Section 472 offenses, Section 472 is a categorical match with the federal definition of forgery, and the BIA did not err in concluding that a conviction under Section 472 is for a crime involving moral turpitude. *See Barbosa*, 926 F.3d at 1057.

We are not persuaded by Vasquez-Borjas's arguments that Section 472 is broader than its federal counterpart. He hypothesizes that Section 472 criminalizes mere possession of counterfeit identification. To the extent he contends that Section 472 criminalizes simple possession where the person does not have the intent to defraud another person, he is incorrect for the reasons we have already explained. And whether or not California has a separate statute that specifically criminalizes possession of a counterfeit identification does not undermine the conclusion that Section 472 is a categorical match to a crime involving moral turpitude.

Vasquez-Borjas's reliance on our decision in *Beltran-Tirado v. INS* is also misplaced. 213 F.3d 1179 (9th Cir. 2000). That case addressed whether a federal criminal statute was a crime involving moral turpitude, and we have limited our decision there to its context. *See id.* at 1183–85; *Espino-Castillo v. Holder*, 770 F.3d 861, 865 (9th Cir. 2014) (finding *Beltran-Tirado* inapplicable "because [its] holding

depended on the history of the specific statutory provision involved in that case, and not a garden-variety state fraud statute"). Beltran-Tirado was convicted under a federal statute for making a false statement on an employment verification form by using someone else's Social Security number. *See id.* at 1182. Based on a later amendment to the federal statute addressing use of false Social Security cards and numbers and the related legislative history, we concluded that Beltran-Tirado's "use of a false Social Security number to further otherwise legal behavior is not a crime of 'moral turpitude.'" *Id.* at 1184. We have subsequently described *Beltran-Tirado* as "at best [] an isolated exception to the prevailing rule that a conviction for a fraud offense is categorically a crime involving moral turpitude." *Espino-Castillo*, 770 F.3d at 865.

The conduct at issue here and in *Beltran-Tirado* is similar—both involved a false Social Security card. But the statutes of conviction are different, and therefore *Beltran-Tirado* has no bearing on Section 472's alignment with the federal definition of forgery. *Cf. Espino-Castillo*, 770 F.3d at 865. In sum, we reject Vasquez-Borjas's argument that the BIA erred in concluding that his Section 472 conviction was a crime involving moral turpitude that rendered him ineligible for cancellation of removal.**[3]**

## B. The Petty-Offense Exception

Vasquez-Borjas argues that, even if he was convicted of a crime involving moral turpitude, he remains eligible for

---

**[3]** Because we conclude that Section 472 is a categorical match to its federal counterpart, we do not address Vasquez-Borjas's arguments about divisibility or the modified categorical approach. *See Almanza-Arenas*, 815 F.3d at 475.

cancellation of removal under 8 U.S.C. § 1182(a)(2)(A)(ii)—the petty-offense exception. Vasquez-Borjas does not dispute that he failed to raise this issue in his immigration proceedings, but he makes three arguments for why it was nonetheless exhausted. We reject all three arguments and conclude that we lack jurisdiction to consider the merits of this exception.

First, Vasquez-Borjas argues that we can properly address the petty-offense exception because the BIA addressed this provision on the merits. While Vasquez-Borjas is correct that we "may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency," *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018), he is incorrect that the BIA addressed the merits of this exception. The BIA merely noted that Vasquez-Borjas had not made any argument related to the petty-offense exception and that "it appear[ed] that the exception . . . would not apply." This equivocal and summary rejection of an unraised issue does not constitute an adjudication on the merits. *See Vizcarra-Ayala*, 514 F.3d at 874.

Second, Vasquez-Borjas argues that his case is like *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc). *Abebe* addressed whether an argument considered by the IJ but not raised to the BIA was properly exhausted. *Id.* at 1040–41. We concluded that the issue was exhausted because the BIA affirmed the IJ's *entire* decision citing *Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994), "to signify that it had conducted an independent review of the record and had exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ." *Id.* at 1040. Here, the IJ did not address the petty-offense exception, and the BIA indicated that it considered only the

IJ's conclusion that Vasquez-Borjas was ineligible for cancellation of removal due to his forgery conviction. These cases are not analogous.

Finally, Vasquez-Borjas contends that his argument made to the BIA that his forgery conviction did not render him inadmissible was sufficient to "alert the BIA to the relevance of the petty offense exception." The record belies this assertion. The BIA did not read Vasquez-Borjas's briefing as raising the petty-offense exception; it stated that "[Vasquez-Borjas] has not set forth any argument regarding the applicability of the 'petty offense' exception to his case." Nothing in the record demonstrates that the BIA's observation was incorrect. Accordingly, we conclude that Vasquez-Borjas did not administratively exhaust his argument related to the petty-offense exception and, therefore, we dismiss this aspect of his petition for review because we lack jurisdiction to consider this issue. 8 U.S.C. § 1252(d)(1); *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**