**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ALBERTO CASTILLO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-851 <br><br> Agency No. A096-795-038 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2024
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Carlos Alberto Castillo petitions this Court for review of a decision of the

Board of Immigration Appeals ("BIA") dismissing his appeal of the decision of an

immigration judge ("IJ") holding that Castillo was subject to removal under 8

U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of the aggravated

felony of "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A). Castillo claims

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

that the BIA erred in holding that the California statute under which he was convicted was a categorical match for the "sexual abuse of a minor" aggravated felony. We have jurisdiction under 8 U.S.C. § 1252 and deny this portion of the petition. We lack jurisdiction, however, to review the BIA's denial of Castillo's motion for remand, and therefore dismiss that part of his petition.

1. On remand from this Court, the BIA determined that Castillo's conviction under California Penal Code § 288a(b)(2)[1] categorically matches the generic definition of "sexual abuse of a minor" for statutory rape offenses set forth in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc). Castillo does not challenge the propriety of this definition. However, he contends that § 288a(b)(2) lacks the mens rea element of the *Estrada-Espinoza* definition, which requires that the defendant "knowingly" engage in the proscribed conduct. *Id.* at 1152. A defendant need not know the age of the victim or the age difference between the individuals to satisfy this mens rea requirement. *See Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013 (9th Cir. 2009).

The text of § 288a(b)(2) does not explicitly contain a mens rea requirement. But we also look to decisions of "the state courts to determine the elements of state law." *Vasquez-Borjas v. Garland*, 36 F.4th 891, 898 (9th Cir. 2022) (quoting

---

[1] California Penal Code § 288a was renumbered to California Penal Code § 287 in 2019. The offense at issue here, § 288a(b)(2), was renumbered to § 287(b)(2) without any changes to its text.

*Rendon v. Holder*, 764 F.3d 1077, 1088 n.13 (9th Cir. 2014)). And California state courts have held that § 288a is a crime of "general criminal intent." *People v. Thornton*, 523 P.2d 267, 285 (Cal. 1974); *see also People v. Singh*, 129 Cal. Rptr. 3d 461, 463 (Ct. App. 2011). General intent is "an intent to do the act that causes the harm." *People v. Davis*, 896 P.2d 119, 148 n.15 (Cal. 1995). The prosecution thus must prove that the defendant "intentionally committed the forbidden act" to obtain a conviction under § 288a(b)(2). *People v. Brocklehurst*, 92 Cal. Rptr. 340, 342 (Ct. App. 1971). Accordingly, the general intent required for a conviction under § 288a(b)(2) categorically matches the "knowingly" mens rea required by *Estrada-Espinoza*. Castillo also claims that the conduct proscribed by § 288a(b)(2) is broader than the corresponding element of the generic offense. But Castillo did not exhaust this claim before the BIA and we therefore do not reach the issue. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Finally, Castillo argues that his conviction under § 288a(b)(2) does not constitute an aggravated felony because sexual conduct with a minor under the age of 16 is not necessarily abusive. However, a state offense need not match all the elements of the *Estrada-Espinoza* definition of "sexual abuse of a minor" *and* proscribe conduct that, by itself, is *per se* abusive. *See, e.g., United States v. Farmer*, 627 F.3d 416, 421 (9th Cir. 2010) ("[A] state offense will be a categorical

match for 'sexual abuse of a minor' if it fits *either* [generic] definition."). Because the elements of § 288a(b)(2) categorically match the elements of the *Estrada-Espinoza* definition, Castillo is removable due to an aggravated felony conviction. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). We therefore deny this portion of his petition.

2.  Castillo contends that the BIA erred in denying his motion to remand to the IJ for the purpose of pursuing a waiver of inadmissibility and adjustment of status. However, "no court shall have jurisdiction to review any final order of removal against an alien" convicted of an aggravated felony covered by 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1252(a)(2)(C). And "a motion to remand . . . merges with the final order of removal for purposes of § 1252(a)(2)(C)." *Coria v. Garland*, 96 F.4th 1192, 1200 (9th Cir. 2024). Castillo has not raised any cognizable constitutional claims or questions of law with respect to the BIA's denial of his motion to remand. *See* 8 U.S.C. § 1252(a)(2)(D). We therefore lack jurisdiction to review this portion of the BIA's order.

The petition is **DENIED**, in part, and **DISMISSED**, in part.