**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL PENA-CARDONA; I.P.G., | No. 24-2922 |
| Petitioners, | Agency Nos. |
| | A220-960-372 |
| v. | A220-960-373 |
| PAMELA BONDI, Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2025[**]
San Francisco, California

Before: S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Petitioners Rafael Antonio Pena-Cardona and his minor child petition for

review of a decision by the Board of Immigration Appeals ("Board") affirming an

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252, and we deny the petition for review. Because the parties are familiar with the history of the case, we need not recount it here.

Where, as here, the Board "conducted its own review and did not adopt the IJ's decision, our review is limited to the [Board's] decision." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (cleaned up). "We review the Board's legal conclusions de novo, and its factual findings for substantial evidence." *Id.* (cleaned up). "To prevail under the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended) (cleaned up).

The Board correctly determined both that Pena-Cardona waived his challenge to the IJ's adverse credibility determination, and that this was dispositive of petitioners' asylum claim. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); 8 U.S.C. § 1252(d)(1). The passing mention of adverse credibility in the brief is not sufficient to exhaust the issue. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–69 & n.8 (9th Cir. 2019) (finding failure to exhaust where the petitioner "mentioned" CAT twice in his brief to the BIA but made "no argument for relief under the CAT"). The Board's conclusion that Pena-Cardona waived the issue of adverse credibility is not an adjudication on the merits that would permit

review despite § 1252(d)(1). *See Vasquez-Borjas v. Garland*, 36 F.4th 891, 900 (9th Cir. 2022).

Without Pena-Cardona's testimony, the record does not support an asylum claim. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Pena-Cardona also failed to exhaust his challenge to the IJ's determination that he did not submit sufficient evidence to corroborate his asylum claim, *see Umana-Escobar*, 69 F.4th at 550, and he forfeited any such challenge by not briefing the issue to this Court, *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (failure to argue an issue in an opening brief forfeits the issue). Substantial evidence thus supports the denial of asylum.

In his opening brief to this Court, Pena-Cardona also did not raise any arguments regarding the denial of withholding of removal or CAT protection, so these issues are forfeited. *Id.*

**PETITION DENIED.**