NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO SANDOVAL-GOMEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2472

Agency No. A092-563-965

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 27, 2025
Pasadena, California

Before: BOGGS,[**] FRIEDLAND, and BRESS, Circuit Judges.

Mario Sandoval-Gomez, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals ("BIA") (issued after remand

from this court in *Sandoval-Gomez v. Garland*, 849 F. App'x 220 (9th Cir. 2021))

that he is ineligible for cancellation of removal. The BIA held that Sandoval-Gomez

could not show that his conviction for attempted arson under California Penal Code

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]        The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

section 455 was based on a provision of the statute that does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(i) and that he therefore failed to establish eligibility for cancellation of removal. Where the BIA conducts an independent review of the facts and law, we review only the BIA's decision. *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015), abrogated on other grounds by *Borden v. United States*, 593 U.S. 420 (2021). We review questions of law de novo. *Vasquez-Borjas v. Garland*, 36 F.4th 891, 895 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252 and grant the petition.

In 2006, Sandoval-Gomez pled guilty to attempted arson in violation of California Penal Code section 455. Sandoval alleges that the charge stemmed from an incident when his girlfriend refused to let him inside her mother's house to see his children and, in response, Sandoval-Gomez "sprinkled a small amount of gasoline on a car, attempting to get her attention." He testified at his removal hearings in 2007 and 2010 that he never attempted to and had no intention to ignite a fire.

After multiple motions and appeals, in 2021 this court held that the government had failed to meet its burden of proof to show that Sandoval-Gomez was removable for committing an aggravated felony offense for attempting to set fire to or burn property under 18 U.S.C. § 844, as the record was "inconclusive" as to how he had committed the state attempted-arson offense. 849 F. App'x at 222;

*see* 8 U.S.C. § 1101(a)(43)(E)(i). We held that the statute was divisible and that "the issue of whether Sandoval-Gomez is eligible for cancellation of removal remain[ed] unresolved," so we remanded the case to the BIA "to determine in the first instance whether Sandoval-Gomez is eligible for cancellation of removal." 849 F. App'x at 221–22.

On remand, Sandoval-Gomez asked the BIA to remand to the immigration judge ("IJ") to permit him to further develop the record regarding the facts of his conviction in light of his testimony from 2007 and 2010, when he testified that he had no intention of lighting a fire, so that he could establish that his attempted arson conviction did not render him ineligible for cancellation of removal. The BIA believed that *Pereida v. Wilkinson*, 592 U.S. 224 (2021), prohibited review of testimonial evidence (old or new) in determining what offense served as the basis of Sandoval-Gomez's attempted-arson conviction, and thus held that the record remained inconclusive and that therefore Sandoval-Gomez had not carried his burden to establish that he was eligible for cancellation of removal.

The BIA erred in so holding. As the government concedes, consideration of testimonial evidence to establish the crime of conviction is, in fact, allowed under *Pereida*, 592 U.S. at 237–38.

We remand this matter to the BIA to consider in the first instance Sandoval-Gomez's existing oral testimony, including whether the IJ found that testimony

3

credible, and, if relevant, whether that testimony is sufficient to carry his burden to show eligibility for cancellation of removal. The BIA may also consider whether the matter should be remanded to the IJ for any necessary credibility determination and/or for the development of additional relevant evidence, possibly including statements from Sandoval-Gomez's ex-girlfriend and her mother.

**PETITION FOR REVIEW GRANTED**.