NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MERCEDES PAULINO-PAULINO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1305

Agency No.
A212-997-825

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2025[**]
Portland, Oregon

Before: OWENS and VANDYKE, Circuit Judges, and SEEBORG, Chief District
Judge.[***]

Mercedes Paulino-Paulino and her minor daughter, Lucero Uerastegui-

Paulino (together, "Petitioners"), natives and citizens of Peru, petition for review

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Richard Seeborg, United States Chief District Judge
for the Northern District of California, sitting by designation.

of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. The BIA properly determined that Petitioners were not entitled to asylum because "family business owners" is not a cognizable particular social group ("PSG") and because their membership in "the Paulino-Paulino Family" lacks a nexus to the harm at issue. First, family business ownership is not a status that members of the group "cannot change," nor is it "fundamental to their individual identities or consciences." *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020). As this PSG is not immutable, *see id.*, it is not cognizable, *see Garay-Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (citation omitted). Second, whether or not Petitioners' family PSG is cognizable, that PSG lacks a nexus to the harm Paulino-Paulino suffered. The record indicates that the robbers who attacked and threatened her had unrelated motives, and there is no evidence they targeted her because of her family. As Petitioners have not established persecution "on account of" a cognizable PSG, they are not entitled to asylum. 8 U.S.C. § 1101(a)(42).

2. Because Petitioners do not satisfy the asylum standard, the BIA properly determined that they also do not satisfy the higher withholding of removal standard. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

3. Petitioners' CAT claim is unexhausted. The BIA concluded that Petitioners did not meaningfully challenge the IJ's finding that "they ha[d] not shown that it is more likely than not that they will be tortured" by or with the consent or acquiescence of a public official. Petitioners do not challenge this waiver finding. While the BIA also noted there was "no clear error of fact or law in the [IJ's] determination," this summary rejection is not an adjudication on the merits. *See Vasquez-Borjas v. Garland*, 36 F.4th 891, 900 (9th Cir. 2022). Thus, we decline to entertain the CAT claim as unexhausted. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023).

4. Petitioners' claim that the Government violated their equal protection rights by initiating removal proceedings and by declining to exercise prosecutorial discretion is beyond our jurisdiction. Because this claim challenges the decisions "*whether* to commence" and "*when* to commence, a [removal] proceeding," we lack jurisdiction over the claim under 8 U.S.C. § 1252(g). *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 598-99 (9th Cir. 2002).

5. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.